IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br><br> v. <br><br> ELITE TRADE SHOW SERVICES INC., an Illinois corporation; <br><br> *Defendant*. | Case No. 21-cv-1770 <br><br> District Judge Edmond E. Chang <br><br> Magistrate Judge Young B. Kim |

**PLAINTIFFS' INITIAL STATUS REPORT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, one of its present trustees, hereby submit the following status report:

**1. The Nature of the Case**

    **a. Attorneys of Record**:

        **i.** <u>Plaintiffs</u>: Daniel E. Sullivan (lead attorney), Brad R. Berliner (lead trial attorney), Andrew J. Herink, and Matthew B. Wesley, 8647 W. Higgins Rd., Chicago, IL 60631, Telephone: 847-582-5078.

        **ii.** <u>Defendant</u>: Unknown at this time.

    **b. Basis for Federal Jurisdiction**:

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4201(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

    **c. Nature of Claims**:

The Pension Fund is a multiemployer pension fund governed by ERISA, and it filed this single count action to collect withdrawal liability, interest, statutory damages, and attorneys' fees and costs incurred as a result of an employer's withdrawal from the Pension Fund and failure to pay the withdrawal liability. Specifically, on or about May 5, 2018, Defendant effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383. As a result, Defendant incurred withdrawal liability to the Pension Fund in the principal amount of $26,774.38, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

On or about November 17, 2020, Defendant received a notice and demand in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1), in which the Pension Fund notified Defendant that it was required to discharge its liability in a lump-sum payment of $26,774.38 or in monthly interim payments of $210.47 due from December 1, 2020 through May 1, 2033, with a final interim payment of $85.53 due on or before June 1, 2033. Defendant has failed to remit any payments, even though on or around December 18, 2020, Defendant received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising Defendant that its withdrawal liability interim payments were past due. As a result of Defendant's failure to make the required withdrawal liability interim payments to the Pension Fund, Defendant has fallen into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). In addition, because Defendant did not timely request review pursuant to section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2), Defendant has waived its right to initiate arbitration of the withdrawal liability and has thereby waived any defenses it may have had to the withdrawal liability. As such, the withdrawal liability is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). *See, e.g., Ind. Elec. Workers Pension Benefit Fund v. ManWeb Servs., Inc.*, 884 F.3d 770, 774 (7th Cir. 2018).

There are no counterclaims at this time.

   d. **Major Legal and Factual Issues**:

The Pension Fund does not believe there are any substantive legal or factual issues in this case because the Pension Fund does not believe that Defendant has any defenses to the withdrawal liability. Further, as discussed in Part 1.c above, Defendant has waived any defenses to the withdrawal liability that it may have had by not timely requesting review pursuant to section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

   e. **Relief Sought**:

Pursuant to 29 U.S.C. § 1132(g)(2), which 29 U.S.C. § 1145 makes applicable to withdrawal liability actions, Plaintiffs seek: $26,774.38 in withdrawal liability principal; interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and attorney's fees and costs. Plaintiffs also request post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

2. **Pending Motions and Case Plan**

   a. **Status of Service:**

Plaintiffs served Defendant by having a process server serve a copy of the Summons and the Complaint on Joseph Debello, Defendant's Registered Agent, at his residence on May 12, 2021.

    **b. Pending Motions**:

No motions are pending at this time.

    **c. Discovery Plan**:

        i. <u>General Type of Discovery Needed</u>: To the extent discovery is needed in this case, Plaintiffs anticipate that they will serve written discovery requests and conduct 1-2 depositions, including a deposition of Defendant.

        ii. <u>Rule 26(a)(1) Disclosures:</u> Plaintiffs propose that the parties submit Rule 26(a)(1) disclosures by June 9, 2021.

        iii. <u>First Set of Written Discovery Requests:</u> Plaintiffs propose that the parties propound their initial requests for discovery by June 18, 2021.

        iv. <u>Fact Discovery Completion Date:</u> Plaintiffs propose that the parties complete fact discovery by November 23, 2021.

        v. <u>Expert Discovery:</u> Plaintiffs do not anticipate that any expert discovery will be necessary.

        vi. <u>Dispositive Motions</u>: Plaintiffs propose a dispositive motion deadline of January 28, 2021.

    **d. Trial**:

Plaintiffs have not requested a jury trial. Plaintiffs estimate a trial in this matter would take 1-2 days.

    **e. Electronic Service**:

Plaintiffs have no opposition to service of pleadings and other papers by electronic means.

**3. Consent to Proceed Before a Magistrate Judge**:

The parties do not unanimously agree to proceed before a Magistrate Judge at this time.

4. **Status of Settlement Discussions**

   a. **Whether Settlement Discussions Have Occurred:**

   There have been no settlement discussions to date.

   b. **Status of Settlement Discussions**:

   There have been no settlement discussions to date.

   c. **Whether the Parties Request a Settlement Conference:**

   Plaintiffs do not request a settlement conference at this time.

 

Respectfully submitted,

*/s/ Daniel Sullivan*
Daniel E. Sullivan
(ARDC #6330522)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-582-5078
dsulliva@centralstatesfunds.org
*ATTORNEY FOR PLAINTIFFS*

May 19, 2021

## CERTIFICATE OF SERVICE

I, Daniel E. Sullivan, one of the attorneys for Plaintiffs, hereby certify that on May 19, 2021, I caused the foregoing *Plaintiffs' Initial Status Report* to be delivered to the following person via UPS next-day air:

Joseph Debello
13557 Magnolia Park Court
Windermere, Florida 34786

/s/ Daniel Sullivan
Daniel E. Sullivan
Attorney for Plaintiffs