**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | )<br>)<br>)<br>) Case No. 21-cv-1770 |
| Plaintiffs, | )<br>) District Judge Edmond E. Chang |
| v. | )<br>) Magistrate Judge Young B. Kim |
| ELITE TRADE SHOW SERVICES INC., an Illinois corporation, | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND
DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, as Trustee, respectfully move this Court pursuant to Federal Rules of Civil Procedure 55(a) and 55(b) for entry of an order of default and default judgment against Defendant. In support of this motion, Plaintiffs state as follows:

**I.     Jurisdiction and venue.**

1.      On April 1, 2021, Plaintiffs filed this lawsuit against Defendant Elite Trade Show Services Inc. ("Elite") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001–1461. In this action, Plaintiffs seek to recover from Defendant withdrawal liability owed to the Pension Fund, as well as interest, liquidated damages, attorneys' fees, and costs. (*See* Dkt. No. 1 ("Compl.").)

2.      This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e)(1), 1132(f), and 1451(c), and under 28 U.S.C. § 1331.

3. The Pension Fund is a multiemployer pension plan that is administered at its principal and exclusive office at 8647 West Higgins Road, Chicago, Illinois. (Declaration of Patrick Sloan, a copy of which is attached hereto as <u>Exhibit 1</u> ("Sloan Decl."), ¶ 4; Compl., ¶ 4.)[1] Accordingly, venue properly lies in this District under 29 U.S.C. §§ 1132(e)(2) and 1451(d). Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement (the "Trust Agreement"), which designates this District as the proper forum for suits to collect withdrawal liability. (Sloan Decl. ¶ 19; Compl., ¶ 3.)

4. On the date this action was filed and to the present date, Plaintiff Charles A. Whobrey has been one of the trustees and a fiduciary of the Pension Fund. (Sloan Decl. ¶ 5; Compl., ¶ 5.) Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), Mr. Whobrey is authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries in his capacity as trustee and fiduciary for the purpose of collecting unpaid withdrawal liability.

**II.    Elite is liable to the Pension Fund for withdrawal liability.**

5. During relevant times, Elite was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, pursuant to which Elite was required to make contributions to the Pension Fund on behalf of certain of its employees. (Sloan Decl. ¶ 6; Compl. ¶ 9.)

6. The Pension Fund determined that on or about May 5, 2018, Elite permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund, within the meaning of 29 U.S.C. § 1383. (Sloan Decl. ¶ 7; Compl., ¶ 10.)

---

[1] For purposes of a motion for entry of default and default judgment, when a party fails to answer or appear, an entry of default and default judgment is appropriate and all factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6); *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

7. As a result of this complete withdrawal, the Pension Fund determined that Elite incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $26,774.38, as determined under 29 U.S.C. § 1381(b). (Sloan Decl. ¶ 8; Compl., ¶ 11.)

8. On or about November 17, 2020, Elite received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). (Sloan Decl. ¶ 9; Compl. ¶ 12.) In the Notice and Demand, the Pension Fund notified Elite that Elite was required to discharge its liability either in a lump sum of $26,774.38 due on or before December 1, 2020, or in monthly payments of $210.47 due from December 1, 2020 through May 1, 2033, with a final interim payment of $85.53 due on or before June 1, 2033. (Sloan Decl. ¶ 9.)

9. On December 18, 2020, Elite received a past due notice from the Pension Fund pursuant to 29 U.S.C. § 1399(c)(5)(A), which advised Elite that its withdrawal liability payments were past due and forewarned Elite of the consequences of its failure to pay such withdrawal liability. (Sloan Decl. ¶ 10; Compl. ¶ 13.)

10. Elite has failed to make any withdrawal liability payments to the Pension Fund and, as a result, fell into default within the meaning of 29 U.S.C. § 1399(c)(5). (Sloan Decl. ¶ 11; Compl. ¶ 14.)

11. Under 29 U.S.C. § 1401(a)(1), an employer that timely requests that a fund review a withdrawal liability assessment under 29 U.S.C. § 1399(b)(2)(A) may initiate arbitration to dispute the withdrawal liability within the time frame set forth in 29 U.S.C. § 1401(a)(1). However, if the employer does not timely request arbitration under 29 U.S.C. § 1401(a)(1), the withdrawal liability amounts demanded by the fund become due and owing pursuant to 29 U.S.C. § 1401(b)(1).

12. Here, the time for Elite to request review under 29 U.S.C. § 1399(b)(2)(A) expired on February 15, 2021. Elite did not timely request review of the withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A) and therefore has waived the right to initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). (Sloan Decl. ¶ 12; Compl. ¶ 15.) Consequently, the withdrawal liability is due and owing pursuant to 29 U.S.C. § 1401(b)(1).

**III.    Elite is in default.**

13. On May 12, 2021, Elite was served with a copy of a Summons and the Complaint via service on Elite's designated registered agent, Joseph Debello. (*See* Return of Service, Dkt. No. 8.)

14. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Elite was required to file an answer or other responsive pleading to the Complaint on or before June 2, 2021.

15. By minute entry dated May 24, 2021, the Court ordered that, should Defendant fail to answer on time, Defendant would be deemed in default and the Plaintiffs were to file a motion for default judgment by June 7, 2021. (Dkt. No. 10.) On May 27, 2021, Elite (through its registered agent Joseph Debello) received a copy of the Court's May 24, 2021 minute order via UPS next-day air.

16. To date, Elite has not filed an answer to the Complaint.

17. Elite is thus in default pursuant to the Court's May 24, 2011 minute entry and the Federal Rules of Civil Procedure because it has failed to file an answer or other responsive pleading within the time limit prescribed by Rule 12 of the Federal Rules of Civil Procedure.

18. Accordingly, Plaintiffs request that the Court enter a default judgment against Elite.

**IV. Calculation of requested judgment amount.**

19. Pursuant to 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Thus, pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to.

    (i)    the delinquent withdrawal liability principal;
    (ii)   interest on the delinquent withdrawal liability principal;
    (iii)  an amount equal to the greater of the interest or liquidated damages as provided by the plan in an amount not in excess of twenty percent (20%) of the delinquent withdrawal liability principal;
    (iv)  reasonable attorneys' fees and costs; and
    (v)   such other relief as the court deems appropriate.

An award of these amounts is mandatory where a fund is entitled to withdrawal liability. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989).

20. Pursuant to 29 U.S.C. § 1132(g)(2), Defendant owes the Pension Fund the principal balance of $26,774.38 in withdrawal liability. (Sloan Decl. ¶ 13.)

21. Under 29 U.S.C. § 1132(g)(2), interest is determined using the rate provided under the Pension Fund's Plan.

22. Under Article XIV, Section 4 of the Pension Fund's Trust Agreement, the Pension Fund computes and charges pre-judgment interest on delinquent withdrawal liability at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged. (Sloan Decl. ¶ 14.)

23. Using this rate, Elite owes the Pension Fund pre-judgment interest on the unpaid withdrawal liability in the total amount of $730.17 through June 7, 2021. (Sloan Decl. ¶ 15 & Ex. B thereto.)

24. Pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of: (a) interest on the delinquent withdrawal liability; or (b) liquidated damages as provided by the plan in an amount not in excess of twenty percent of the delinquent withdrawal liability principal. Article XIV, Section 4 of the Trust Agreement provides that judgments for delinquent withdrawal liability shall include liquidated damages in the amount of twenty percent of the unpaid withdrawal liability (if such amount is greater than the interest on the delinquent withdrawal liability). (Sloan Decl. ¶ 16.)

25. Here, 20% of the delinquent withdrawal liability is equal to $5,354.88 (*i.e.* $26,774.38 x 0.20), which is greater than the unpaid interest on the delinquent withdrawal liability (*i.e.* $730.17). Therefore, Defendant owes liquidated damages in the amount of $5,354.88. (Sloan Decl. ¶ 17.)

26. Pursuant to 29 U.S.C. § 1132(g)(2), Defendant is also liable for all reasonable attorneys' fees and costs incurred in connection with this case. The attorneys' fees relating to this action total $1,122.00 and the costs total $462.00. (Declaration of Daniel Sullivan, which is attached hereto as <u>Exhibit 2</u>, ¶¶ 3–7.)

27. Under Article XIV, Section 4 of the Pension Fund's Trust Agreement, interest on a judgment entered against an employer for withdrawal liability is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which the interest is charged, compounded annually. (Sloan Decl. ¶ 18.)

## V. Request for Default Judgment.

28. Based on the foregoing, Plaintiffs request that this Court enter a default judgment against Elite. A copy of a proposed Judgment Order is attached hereto as <u>Exhibit 3</u>. The proposed Judgment Order will also be submitted to the Court's proposed order e-mail address.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Charles A. Whobrey, Trustee, respectfully request that this Court:

(a) Find Defendant to be in default;

(b) Enter a default judgment for unpaid withdrawal liability against Defendant Elite Trade Show Services Inc. and in favor of Plaintiffs in the total amount of $34,443.43. This total amount consists of: (i) unpaid withdrawal liability in the amount of $26,774.38; (ii) interest on the unpaid withdrawal liability, through June 7, 2021, in the amount of $730.17; (iii) liquidated damages in the amount of $5,354.88; (iv) attorneys' fees in the amount of $1,122.00; and (v) costs in the amount of $462.00;

(c) Award Plaintiffs post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(d) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Daniel Sullivan*
Daniel E. Sullivan
(ARDC #6330522)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-582-5078
dsulliva@centralstatesfunds.org
*ATTORNEY FOR PLAINTIFFS*

June 7, 2021

## **CERTIFICATE OF SERVICE**

I, Daniel Sullivan, one of the attorneys for Plaintiffs, certify that on June 7, 2021, I caused the foregoing *Plaintiffs' Motion for Entry of Default and Default Judgment against Defendant* to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

I also will cause the foregoing to be mailed via UPS next-day air to:

>Elite Trade Show Services Inc.
>c/o Joseph Debello, Registered Agent
>13557 Magnolia Park Court
>Windermere, Florida 34786

>Respectfully submitted,
>
>*/s/ Daniel Sullivan*
>Attorney for Plaintiffs
>Central States Funds

June 7, 2021